An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PATRICK P. DECAROLIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60578

**FILED**

FEB 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary, forgery, and attempted theft. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

First, appellant claims that his convictions for burglary, forgery, and attempted theft violate the Double Jeopardy Clause and are redundant. We disagree. Each of appellant's convictions requires proof of an element that the other does not: Burglary requires proof that a person entered a building or structure with the intent to commit a felony or other specified crimes, NRS 205.060; forgery requires proof of intent to defraud and possession of a written instrument, NRS 205.110; and attempted theft requires proof of intent to deprive a person of property and a material misrepresentation, NRS 205.0832(1)(c). Accordingly, appellant's convictions do not violate the Double Jeopardy Clause, see Blockburger v. United States, 284 U.S. 299, 304 (1932) (establishing an elements test for double jeopardy purposes), and because none of the statutes indicate that cumulative punishment is precluded, appellant's convictions are not redundant, see Jackson v. State, 128 Nev. ___, ___ P.3d ___ (Adv. Op. No. 55, December 6, 2012) (applying the Blockburger test to redundancy

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04623

claims when the relevant statutes do not expressly authorize or prohibit cumulative punishment).

Second, appellant claims that the district court abused its discretion by imposing a sentence constituting cruel and unusual punishment. We disagree. This court will not disturb a district court's sentencing determination absent an abuse of discretion. See Parrish v. State, 116 Nev. 982, 989, 12 P.3d 953, 957 (2000). Appellant's prison term of 8-20 years falls within the parameters provided by the relevant statute, see NRS 207.010(1)(a), and the sentence is not so unreasonably disproportionate to the gravity of the offense and appellant's history of recidivism as to shock the conscience, see Culverson v. State, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979); see also Ewing v. California, 538 U.S. 11, 29 (2003) (plurality opinion); Harmelin v. Michigan, 501 U.S. 957, 1000-01 (1991) (plurality opinion). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Jessie Elizabeth Walsh, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk